VIRGINIA O'BRIEN REDICK, PLAINTIFF, v. GERALD O'BRIEN, DEFENDANT.

Superior Court of New Jersey
Chancery Division Bergen County

September 19, 1983.

*James Brian Lappin,* for plaintiff.

*Victor F. Azar,* for defendant.

## OPINION

KRAFTE, J.J.D.R.C. (temporarily assigned).

This case comes on by way of an objection filed by defendant-husband to plaintiff's application for a turn-over order. In March 1979, a judgment was entered in favor of plaintiff for $2,274, which represents child support arrears owed by defendant. Plaintiff subsequently levied upon defendant's bank account and moved for a turn-over of those funds to satisfy the judgment which, with lawful interest, had increased to $3,241.71. Partial satisfaction was made. Nonetheless, $1,000 remains due which, coincidentally, is the balance in defendant's bank account and for which he is claiming an exemption pursuant to *N.J.S.A.* 2A:17–19.

This statute in pertinent part, reads:

Goods and chattels, shares of stock or interests in any corporation and personal property of every kind, not exceeding in value, exclusive of wearing apparel, $1,000.00, and all wearing apparel, the property of a debtor shall be reserved, both before and after his death, for his use or that of his family or his estate,

and shall not be liable to be seized or taken by virtue of any execution or civil process whatever, issued out of any court of this State.

Plaintiff presses that the statute may not be applied as against her interests. She argues that it was not intended to protect a debtor when the obligation arose out of duty to *his family* but, rather, it was intended to *protect* his family. Consequently, the exemption does not apply. Research has failed to reveal any case directly on point.

■ Exemptions from general liabilities are creatures of statute and so must be construed bearing in mind legislative policy that induced their being. A review of the case law makes clear that the genesis of that policy has been to afford families some modicum of protection from the impact of an execution or levy which might otherwise cast them into utter impecuniosity. The point of view is readily seen through the eyes of ancient cases such as *Bonnel v. Dunn,* 29 *N.J.L.* 435 (1860). There the court held that the exemption is not a personal right of the debtor but enures to the benefit of his family.

The benefits of the act are not extended to the goods of every debtor with or without a family, nor are the goods exempt if he has a family residing in another state, and move here. If the debtor resides in another state, and has a family residing here in the possession of the goods they are exempt to the extent prescribed by the act. The words "residing in the state" qualify or relate to the family, not the debtor.[1]

■ This policy, when forged with the most exacting obligation of our social order, that is, to support one's child, compels the inescapable conclusion that the execution to satisfy plaintiff's judgment must persist over defendant's exemption. A contrary determination would be repugnant to the purpose of the statute.

Moreover, in a parallel situation involving a statute that granted pensions an exemption from execution, garnishment, attachment, sequestration or other legal process, the Supreme Court held this immunity could not be used to defeat an ex-

---

[1]The text of the current statute stated, *supra,* is as amended by L.1973, C. 162 § 1, effective June 7, 1973. The prior text included the words "having a

wife's efforts to secure alimony payments. *Fischer v. Fischer*, 13 *N.J.* 162 (1953). In reaching that result the court noted the long history of alimony awards from the ecclesiastical courts of England to the present; that it is intended to provide sustenance for the wife. The court noted the policy behind the immunity clause; that its intendment was "to secure the pensioner *and his family* against improvidence and want." *Id.* at 167. (Emphasis added.) Thus, by its very nature, "it (alimony) is not comprehended in the terms of the exemptive clause of the statute . . . designed as it is to secure the pension against the claims of third persons as a means of support for the pensioner and his family." *Id.*

For the foregoing reason, this court finds that the $1,000 exemption permitted by *N.J.S.A.* 2A:17–19 may not be permitted when an execution is effected to satisfy a judgment arising from the debtor's child support obligation.

The exemption is, therefore, impermissible on the facts of this case and the $1,000 remaining in defendant's account is ordered released to plaintiff.

---

family residing in this State" after the first use of the word "debtor." The requirement, to have a family in this state, had therefore existed.